**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GREGORY A. BOLDRIDGE,

　　　　Plaintiff-Appellant,

v.

TYSON FOODS, INC.,

　　　　Defendant-Appellee.

No. 07-3161
(D.C. No. 05-CV-4055-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McCONNELL**, **ANDERSON**, and **BRORBY**, Circuit Judges.

---

Gregory A. Boldridge sought employment with Tyson Foods, Inc. as a

maintenance mechanic. Tyson extended him a conditional offer of employment,

but ultimately declined to hire him after it learned that he could not perform the

tasks required for the position without violating his permanent medical

restrictions. When he was informed that he was not going to be hired for the

---

[*]　　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

position, Mr. Boldridge alleges that Rodger Brownrigg, Tyson's Human Resources Manager, stated: "We don't hire disabled people." Aplee. Supp. App. at 137.

Mr. Boldridge filed a complaint asserting four theories of recovery under the Americans with Disabilities Act (ADA) for failure to hire, failure to accommodate, disparate impact and prohibited inquiry. He also sought relief under state law for breach of contract and failure to hire in retaliation for filing a previous workers' compensation claim. The district court granted summary judgment in favor of Tyson on all claims. Mr. Boldridge then filed a motion for reconsideration, which the district court denied. This appeal followed. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Discussion

In its order granting summary judgment on all claims, the district court made a preliminary evidentiary ruling excluding two of Mr. Boldridge's exhibits due to lack of authentication. In his motion for reconsideration, Mr. Boldridge argued that the district court erred in making this evidentiary ruling and in granting summary judgment in favor of Tyson on all of his claims. Mr. Boldridge raises these same issues on appeal.

We review for abuse of discretion the district court's evidentiary ruling. *See Mitchael v. Intracorp, Inc.*, 179 F.3d 847, 854 (10th Cir. 1999). We review de novo the district court's summary judgment ruling, applying the same standard

as the district court. *Simms v. Oklahoma, ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

*Exclusion of Exhibits*

Mr. Boldridge challenges the district court's ruling excluding two of his exhibits: a transcript from the Emporia Human Relations Commission (EHRC) pre-investigation conference and a report from one of his doctors, Dr. Baker. In its initial memorandum and order, the district court noted that both parties had challenged the authentication and admissibility of certain exhibits.[1] The district court then excluded two of Mr. Boldridge's exhibits because they did not fall within the stipulation in the Pretrial Order and were not authenticated by affidavit or adopted in depositions as required by federal and local rules. In addition, with respect to the EHRC transcript, the district court noted that an uncertified copy of testimony before an administrative agency was not admissible evidence and that this transcript was unsworn, not made under penalty of perjury, and lacked other authentication.

In its order denying the motion for reconsideration, the district court noted first that Mr. Boldridge's claim that the district court had erred in excluding the

---

[1] The district court also excluded one of Tyson's exhibits for lack of authentication. Tyson did not appeal from that ruling.

-3-

EHRC transcript was based on new deposition testimony from Mr. Brownrigg, which was neither referenced in Mr. Boldridge's response brief nor attached as an exhibit to that brief. The court concluded, however, that although the new evidence showed that Mr. Brownrigg was under oath when he testified before the EHRC, the transcript remained uncertified and the deposition excerpts did not support Mr. Boldridge's contention that Mr. Brownrigg adopted the testimony he gave at the administrative hearing during his deposition.

With regard to Dr. Baker's report, Mr. Boldridge attached an affidavit to his motion for reconsideration that provided the requisite authentication. The district court noted, however, that Mr. Boldridge had not offered any explanation as to why he did not provide the proper authentication sooner. The district court went on to state that a Fed. R. Civ. P. 59(e) motion may not be used to cure a party's own procedural failures or to introduce new evidence or advance arguments that could have been presented to the district court originally.

On appeal, Mr. Boldridge argues that the EHRC transcript will be admissible at trial and therefore the court may consider it during the summary judgment stage, even if the evidence was not presented in an admissible form. Mr. Boldridge presents no argument, however, to refute the district court's conclusion that the EHRC transcript should be excluded because it was not part of the stipulation in the Pretrial Order, it was uncertified, and it was not authenticated by affidavit or adopted in a deposition. Likewise, Mr. Boldridge

-4-

focuses solely on the admissibility of Dr. Baker's report at trial and fails to address the district court's ruling that the report was excluded because it was not authenticated in a timely manner. The district court did not abuse its discretion in excluding the EHRC transcript or Dr. Baker's report.

*ADA claims*

1) Regarded-as-Disabled

Mr. Boldridge argued in response to Tyson's summary judgment motion that Tyson failed to hire him in violation of the ADA because Tyson regarded him as disabled and unable to perform any work. To prevail on a "regarded-as-disabled" claim under the ADA, Mr. Boldridge must show that Tyson regarded him as having an impairment that substantially limits one or more of his major life activities. *See generally EEOC v. Heartway Corp.*, 466 F.3d 1156, 1161 (10th Cir. 2006). The only major life activity asserted in this case is the activity of working.

> The term "substantially limited" means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

*Id*. at 1162 (quotation and alteration omitted). A plaintiff seeking to prove a regarded-as-disabled claim may present evidence that an employer "refused to hire [him] based on myth, fear, or stereotype, including concerns regarding safety,

insurance, liability, and acceptance by coworkers and the public." *McKenzie v. Dovala*, 242 F.3d 967, 971 (10th Cir. 2001) (quotation omitted).

In response to summary judgment, Mr. Boldridge spent only two pages of argument on this issue, relying solely on testimony by himself and Mr. Brownrigg before the EHRC. *See* Aplt. App., Vol. I at 127-29. He asserted that he was capable of performing all aspects of the maintenance mechanic position, but that Mr. Brownrigg believed that his medical restrictions prevented him from doing any type of work. In its order granting summary judgment on this claim, the district court ruled that: (1) the EHRC testimony was inadmissible; (2) Tyson presented evidence that Mr. Boldridge could be considered for other jobs within the plant; and (3) Tyson's perception of Mr. Boldridge's impairment "was not based upon speculation, stereotype, or myth, but upon the very information [Mr. Boldridge] gave to [Tyson] regarding doctors' written restrictions of [his] physical abilities." *Id*., Vol. II at 230.

Mr. Boldridge first argues that the district court erred in determining that Tyson did not regard him as disabled because the EHRC testimony should have been admissible. As explained above, the district court did not abuse its discretion in excluding this testimony.

Next, he asserts that the district court erred in concluding that Tyson's statement that it would keep Mr. Boldridge's application for thirty days supports a finding that Tyson did not regard him as disabled. He makes the conclusory

argument that "such an inference in favor of defendant is contrary to the summary judgment standard." Aplt. Br. at 23. The district court noted that Tyson introduced an email from Rick Nimrick, Regional Human Resources Manager, to Mr. Brownrigg with instructions to inform Mr. Boldridge: "[I]f he is interested in another position within the plant, we will keep his application active for thirty days and contact him if we have something for him with or without a reasonable accommodation." Aplt. App., Vol. II at 230 (quotation omitted). We see no error in the district court's conclusion that this "evidence tends to show that [Tyson] did not regard [Mr. Boldridge] as substantially limited in his ability to work." *Id.*

Finally, Mr. Boldridge argues that he presented extensive and substantial evidence from various sources indicating that Tyson regarded him as substantially limited in his ability to work. The evidence he describes, which consists mainly of testimony from Mr. Brownrigg's deposition, was not brought to the district court's attention in Mr. Boldridge's response to summary judgment. As noted above, Mr. Boldridge's argument in his response brief on this issue was limited to two pages and relied solely on references to the EHRC transcript. "[A]lthough our review is de novo, we conduct that review from the perspective of the district court at the time it made its ruling, ordinarily limiting our review to materials adequately brought to the attention of the district court by the parties." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Because Mr. Boldridge failed to adequately present to the district court the additional

evidence that he now relies on in this appeal, we will not consider it. The district court did not err in granting summary judgment in favor of Tyson on his regarded-as-disabled claim.

2) Failure to Accommodate, Disparate Impact, and Prohibited Inquiry

Mr. Boldridge's opening brief includes argument on his failure to accommodate and prohibited inquiry claims, but the argument is conclusory and unsupported by citations to the record or legal authority. *See* Aplt. Br. at 40 (failure to accommodate claim),[2] and 43-44 (prohibited inquiry claim). Rule 28 of the Federal Rules of Appellate Procedure states that the argument in the appellant's opening brief, "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Mr. Boldridge has waived his argument on these two issues by failing to adequately brief them. *See Adler*, 144 F.3d at 679.

The district court ruled that Mr. Boldridge's disparate impact claim was barred for failure to exhaust administrative remedies because the claim was not "like or reasonably related to" the allegations in his EEOC charge. Aplt. App.,

---

[2]     Mr. Boldridge's brief does include additional argument regarding his failure to accommodate claim, but that argument relates to his contention that he exhausted his administrative remedies with respect to that claim. *See* Aplt. Br. at 33-35. As Mr. Boldridge acknowledges later in his brief, however, the district court ruled that it was unnecessary to reach the failure to accommodate claim, not that it was barred for failure to exhaust administrative remedies. *See id*. at 40; *see also* Aplt. App., Vol. II at 231-32. Accordingly, Mr. Boldridge's exhaustion argument is irrelevant.

Vol. II at 232. Mr. Boldridge's EEOC charge is based on a disparate treatment claim and involves direct evidence of intentional discrimination– the alleged statement by Mr. Brownrigg that "[w]e don't hire disabled people." *See* Aplee. Supp. App. at 117-118, 137. In contrast, an ADA disparate impact claim involves "the use of qualification standards or other selection criteria that screen out or tend to screen out an individual with a disability." *Davidson v. Am. Online*, *Inc*. 337 F.3d 1179, 1189 (10th Cir. 2003) (quotation and alteration omitted). Mr. Boldridge makes the conclusory assertion that his disparate impact claim is sufficiently related to his disparate treatment claim to be covered by the EEOC charge because an investigation of that claim "would necessarily include an investigation of defendant's procedures." Aplt. Br. at 36. Mr. Boldridge, however, has failed to provide any record citations to allegations from his EEOC charge that would demonstrate that his disparate impact claim is reasonably related to his claim for intentional discrimination. The district court did not err in concluding that Mr. Boldridge's claim was barred for failure to exhaust administrative remedies.

*State Law Claims*

1) <u>Retaliatory Failure to Hire</u>

Mr. Boldridge's complaint alleged that Tyson's failure to hire him was in retaliation for his having filed a previous workers' compensation claim against another employer. The district court noted that both parties agreed that

-9-

recognition of this cause of action would require an extension of Kansas law. Assuming for the sake of argument that this cause of action would be recognized, the district court noted that Mr. Boldridge "would have to show, among other elements, that there is a causal connection between [Tyson's] decision not to hire [Mr. Boldridge] and [his] prior worker's compensation filings." Aplt. App., Vol. II at 236. The district court concluded that Mr. Boldridge had not presented sufficient evidence that demonstrated that his protected activity was a determining factor in Tyson's decision not to hire him. In support of this claim, Mr. Boldridge sought to rely on his contention that he was not hired because of his medical restrictions and the alleged statement by Mr. Brownrigg that Tyson does not hire disabled people. *See id*. at 237. As the district court explained, however, "[Mr. Boldridge] does not show how these references to 'medical restrictions' or 'handicapped people' relate to the filing of a prior worker's compensation claim. One can have medical restrictions and be disabled without ever having engaged in the protected activity of filing a worker's compensation claim." *Id*. On appeal, Mr. Boldridge has failed to identify any record evidence to support a showing that his filing of a workers' compensation claim against a previous employer was a substantial factor in Tyson's decision not to hire him. The district court did not err in granting summary judgment in favor of Tyson on this claim.

2) <u>Implied Breach of Contract</u>

Like his failure to accommodate and prohibited inquiry claims discussed above, Mr. Boldridge failed to adequately brief his implied contract claim and that argument is waived. *See Adler*, 144 F.3d at 679.

The judgment of the district court is AFFIRMED. Tyson's request for an award of fees and costs pursuant to Fed. R. App. P. 38 is DENIED.

Entered for the Court

Michael W. McConnell
Circuit Judge